**H. Lloyd WESTON, Plaintiff–Appellant,**

v.

**FEDERAL EXPRESS CORPORATION, Defendant–Appellee.**

**Docket No. 01–7472.**

United States Court of Appeals, Second Circuit.

March 22, 2002.

Paul J. Pacifico, Pacifico & Filan, Westport, CT, for Appellant.

Timothy A. Ginn, Federal Express Corporation, Memphis, TN, for Appellee.

Present F.I. PARKER, POOLER and PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Plaintiff-appellant H. Lloyd Weston ("Weston") appeals from the judgment of the district court entered March 2, 2001 granting the motion for partial summary judgment of defendant-appellee Federal Express Corporation ("FedEx"), limiting FedEx's liability in accordance with Article 22 of the Warsaw Convention (the "Convention").

It is undisputed that Weston contracted with FedEx to ship artwork from Danbury, Connecticut on October 2, 1996 to arrive in Rome, Italy, where the artwork was to be displayed in an art exhibition on October 14, 1996. The artwork arrived at Malpensa Airport in Milan, Italy on October 5, 1996. The artwork could not clear customs and be shipped to Rome, its final destination, until after the Italian Art Ministry ("BRERA")inspected it. At the time, BRERA only conducted inspections at Malpensa Airport on the first and third Wednesday of the month—October 2 and October 16 of the month in question. The artwork was inspected on October 16, 1996, but plaintiff refused delivery in Rome on the ground that the artwork was too late for its intended exhibition.

Taking Weston's allegations as true, his agents repeatedly telephoned FedEx after the paintings had arrived in Milan and were falsely informed that "things were being properly handled" and the artwork would arrive in Rome in time for the exhibition. Also, plaintiff's agent Prince George of Serbia avers that: (1) on October 11, 1996, a FedEx representative told Prince George that the artwork had already been shipped to Rome, and (2) on October 14, 1996, Ms. Sabina of FedEx told Prince George that FedEx was unable to locate the artwork.

Weston argues on appeal that partial summary judgment should not have been granted because there are disputed, material questions regarding (1) whether FedEx acted with willful misconduct under Article 25 of the Convention, thereby fitting within an exception to the liability limitation of Article 22, and (2) whether the artwork was temporarily lost outside of the grounds of the Malpensa Airport, therefore taking this dispute outside of the Warsaw Convention because Article 18 does not apply to damage or loss that occurs outside of airport grounds.

We find plaintiff's claims are without merit. Article 25 would only render the Convention's liability limitation inappli-

cable if the defendant's willful misconduct caused plaintiff's injury. Regardless of whether FedEx's allegedly false and misleading statements constitute willful misconduct, Weston's injury or damage was not "caused by [FedEx's alleged] willful misconduct." Article 25(1). Plaintiff was injured because his artwork did not arrive in Rome in time for the planned exhibition, an injury that was inevitable once the artwork shipped from Connecticut on October 2, 1996. The delay of the artwork was not caused by FedEx's alleged misrepresentations. Weston did not allege that he relied on false assurances by FedEx of delivery in time for the exhibition when deciding to ship the artwork via FedEx on October 2, 1996, willful misconduct that would have resulted in the injurious delay. Nor does Weston allege that he could have done anything to ameliorate the delay had he been informed of its inevitability once the artwork had arrived in Milan. Accordingly, the willful misconduct exception of Article 25 does not apply.

■ Weston's next argument also fails, even assuming that his artwork was temporarily lost off airport grounds (a proposition for which he provides scant evidence), because the argument is predicated on the applicability of the inapplicable Article 18. Article 18 provides that carriers are liable for "damage sustained in the event of the *destruction or loss of, or of damage to,* any checked baggage or any goods, if the occurrence which caused the damage so sustained took place *during the transportation by air.*" Article 18(1) (emphasis added). Thus, hypothetically, if Weston's paintings had been permanently lost after being placed in FedEx's warehouse facility outside of airport grounds, FedEx's liability would not be governed by the Warsaw Convention. *See Victoria Sales Corp. v. Emery Air Freight, Inc.,* 917

F.2d 705 (2d Cir.1990). Yet Weston does not claim damages for "destruction or loss of, or of damage to" his paintings within the meaning of Article 18. Instead, Weston seeks damages for the delay of his paintings within the meaning of Article 19, which provides that a "carrier shall be liable for damages occasioned by *delay* in the transportation by air of passengers, baggage, or goods." Article 19 (emphasis added). Since Article 19 applies, the limitation of liability provision also applies. The Article 18 definition of "transportation by air" on which Weston predicates his argument only applies to Article 18. Therefore, even if we were to stretch Weston's proffered facts beyond reasonable inference to conclude that the paintings may have been temporarily lost off airport grounds, this conclusion bears no impact on the applicability of the Warsaw Convention to his claim.

For the reasons set forth above, the judgment of the district court is AFFIRMED.